IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO
SENIOR JUDGE MARCIA S. KRIEGER

Civil Action No. 18-cv-01952-MSK-NYW

ANDREW W. JURGENSEN,

    Plaintiff,

v.

GAREEN HAMALIAN,
JORDAN GARDNER,
TRANSUNION
EQUIFAX,
EXPERIAN,
PROFESSIONAL FINANCE COMPANY,
AARGON COLLECTION AGENCY,
WAKEFIELD AND ASSOCIATES,
DENVER HEALTH, and
BANNER HEALTH,

    Defendants.

_____

**OPINION AND ORDER ADOPTING RECOMMENDATION AND GRANTING MOTIONS TO DISMISS**
_____

**THIS MATTER** comes before the Court pursuant to the Magistrate Judge's March 7, 2019 Recommendation **(# 90)** that all pending motions to dismiss **(# 14, 16, 22, 25, 28, 34, 54)**, made by all Defendants other than Dr. Gareen Hamalian, be granted. No party has filed Objections to that Recommendation. Also pending is Dr. Hamalian's Second Motion to Quash Service of Process on her **(# 87)**, Mr. Jurgensen's response **(# 88)**, and Dr. Hamalian's reply **(# 89)**.

1

### A. The Recommendation

All Defendants other than Dr. Hamalian have moved to dismiss Mr. Jurgensen's claims against them. The Court referred those motions to the Magistrate Judge, and on March 7, 2019, the Magistrate Judge issued a Recommendation **(# 90)** that all of the motions be granted. The Recommendation advised the parties of the operation of Fed. R. Civ. P. 72(b), requiring any Objections to the Recommendation to be filed with 14 days of service. The record reflects that the Defendants were served electronically with the Recommendation and that Mr. Jurgensen was served with a copy by mail, sent the same date the Recommendation was issued, at his address of record. More than 14 days have passed since the Recommendation was issued and no party has filed Objections. In such circumstances, the Court review the Recommendation under whatever standard of review it deems appropriate. *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991). The Court has reviewed the Recommendation for clear error and, finding none, adopts the Recommendation in its entirety. Accordingly, the Defendants' various motions to dismiss are granted for the reasons stated in the Recommendation.

### B. Dr. Hamalian's motion

Mr. Jurgensen commenced this action in August 2018. Mr. Jurgensen first attempted service of process on Dr. Hamalian at an address on Bannock Street in Denver, Colorado. According to the affidavit of service **(# 42)** filed by Mr. Jurgensen, the process server went to that address – apparently Dr. Hamalian's prior place of business -- but was told that Dr. Hamalian "does not work [there] any longer" and had "moved to the East Coast."

Mr. Jurgensen located another potential work address for Dr. Hamalian and attempted to serve process upon her at an address in Marlton, N.J. **(#49** at 4). The process server left the Summons and Complaint at that address with an Administrative Assistant. Thereafter, Dr.

Hamalian moved **(# 53)** to quash Mr. Jurgensen's purported service upon her, stating that the Marlton address was her former place of business, but that she had resigned from that employer approximately one month before service was attempted. On December 17, 2018, the Magistrate Judge granted **(# 74)** Dr. Hamalian's motion. The Magistrate Judge further directed that Mr. Jurgensen complete service upon Dr. Hamalian by January 11, 2019 and that he promptly file proof of service thereafter.

On January 14, 2019, Mr. Jurgensen filed another affidavit of service **(# 86)**, this time indicating that he had effectuated service on Dr. Hamalian by serving her father, Baizar Hamalian, at a residential address in River Vale, N.J. that, Mr. Jurgensen contends, was also Dr. Hamalian's place of abode. Dr. Hamalian has moved **(# 87)** to quash that service as well, submitting an affidavit stating that the River Vale address <u>used to be</u> her residence, but that she had not resided at that location since November 2017. Dr. Hamalian further requested that, because Mr. Jurgensen had not effected service within the time period provided by Fed. R. Civ. P. 4(m), plus the additional time granted by the Magistrate Judge after quashing the initial attempt(s) at service, the Court dismiss the claims against her for failure to serve process.

Mr. Jurgensen responds that a website, www.stateinforservices.com, reports that Dr. Hamalian maintains an active voter registration at the River Vale address. Mr. Jurgensen also requests that, if the Court is inclined to grant Dr. Hamalian's motion, that he be given additional time to continue to effectuate service upon her, on the grounds that he states that the did not promptly receive the Magistrate Judge's prior Order requiring him to accomplish service by January 2019. (Since the filing of that response in February 2019, Mr. Jurgensen has not filed any further affidavits of service concerning Dr. Hamalian.)

In reply, Dr. Hamalian notes that the website Mr. Jurgensen relies upon is not self-authenticating, but rather, a private business' compilation of public records, and that it should therefore be treated as inadmissible hearsay. Dr. Hamalian notes that the website itself contains a disclaimer, noting that the site's owner "makes no guarantees on the validity of the data presented" and that "information may not be accurate." Dr. Hamalian also refers back to her initial affidavit that concedes that she was "registered to vote in the town of River Vale, New Jersey at one time," but that she is "not currently registered to vote there."

The Court incorporates by reference the legal discussion found in the Magistrate Judge's December 2018 Order quashing the prior attempt(s) at service. As stated therein, Mr. Jurgensen bears the burden of establishing that he has served Dr. Hamalian at her "usual place of abode" under Fed. R. Civ. P. 4(e)(2)(B). Here, Mr. Jurgensen relies entirely on the website's assertion that Dr. Hamalian's voter registration reflects the River Vale address as her residence. But Mr. Jurgensen's reliance on that website is misplaced for several reasons. As Dr. Hamalian points out, the website itself is hearsay – that is, it is a statement ("Dr. Hamalian resides in River Vale"),[1] made by a declarant (the website) outside of court, and offered by Mr. Jurgensen for the truth of the matter asserted (that Dr. Hamalian does indeed reside at the River Vale address). Fed. R. Evid. 801(c). The Federal Rules of Evidence generally deem hearsay inadmissible. Fed R. Evid. 802. It does not appear that the website's contents fall within any of the recognized

---

[1] In actuality, there are several nested statements at issue here, each of which could be separately parsed under the hearsay rule. There is the assertion that "New Jersey's public records contain the following information," a statement that might arguably be covered by the hearsay exception for public records. Fed. R. Evid. 803(8). There is also Mr. Jurgensen's statement that "the website says what I have stated it said," which is arguably non-hearsay because Mr. Jurgensen is making that representation in open court, subject to the penalties of perjury and, theoretically, the opportunity for cross-examination. Fed. R. Evid. 801(c)(1). However, the core problem here is the statement – effectively, "I have reviewed New Jersey's public records and they say this" – that is central to Mr. Jurgensen's argument here.

4

exceptions to the hearsay rule. Fed. R. Evid. 803 & 804; *see also* Fed. R. Evid. 801(d) (statements that are non-hearsay). Accordingly, the Court rejects the website as evidence of Dr. Hamalian's residence. Because the website is the only evidence Mr. Jurgensen has tendered to establish the sufficiency of his service, the Court grants Dr. Hamalian's motion for this reason alone.

Second, even if the website's contents were not hearsay, Mr. Jurgensen faces the additional problem of the website's disclaimer. The website makes clear that it is not prepared to represent that the information it contains is necessarily currently accurate. This disclaimer is problematic for Mr. Jurgensen, insofar as Dr. Hamalian has acknowledged that she once resided and was registered to vote at the River Vale address, but that she no longer lived there at the time service was attempted. Thus, there remains the substantial possibility that the website's data is outdated, reporting only Dr. Hamalian's former, not current, address. Mr. Jurgensen's response does not address this problem (*e.g.* by presenting evidence from New Jersey's current voter registration records establishing Dr. Hamalian's current residence). Accordingly, the Court would grant Dr. Hamalian's motion on this ground as well.

Finally, having quashed the service on Dr. Hamalian, the Court is left with Mr. Jurgensen's request for additional time to effect service upon her. Fed. R. Civ. P. 4(m) sets a presumptive time limit of 90 days from the commencement of the action for a plaintiff to complete service of process on each defendant, and requires a plaintiff to show "good cause" to extend that deadline further. Here, nearly 300 days – more than triple the amount of time contemplated by the Federal Rules – have passed and Dr. Hamalian remains un-served. Mr. Jurgensen requests additional time but has not offered any explanation of "good cause" that would justify a second extension (that is, an extension beyond that already granted by the

5

Magistrate Judge in December 2018).  The Court understands that Mr. Jurgensen is proceeding *pro se*, and the Court grants his filings the liberal construction that comes with such status. *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972).  The Court is also mindful that it can be difficult, especially for a layperson, to discern the correct location at which to serve a party.  At the same time, Mr. Jurgensen theoretically has at his disposal many of the same tools that attorneys would use to determine where to effect service, including direct searches of public records databases, access to credit reports, and even surveillance by private investigators.  Although Dr. Hamalian may not be particularly helpful in disclosing her residential address so that Mr. Jurgensen may serve her, there are no particular obstacles that have prevented Mr. Jurgensen from completing that task to date.  And, notably, Mr. Jurgensen's request for additional time does not reveal any basis for believing that his fourth attempt at service will be any more informed than his prior three attempts.  Under such circumstances, the Court cannot say that Mr. Jurgensen has demonstrated good cause for an additional extension of time to effect service.  Accordingly, the Court dismisses Mr. Jurgensen's claims against Dr. Hamalian pursuant to Fed. R. Civ. P. 4(m) and 12(b)(5).

Accordingly, the Court **ADOPTS** the Recommendation **(# 90)**.  The various Motions to Dismiss **(# 14, 16, 22, 25, 28, 34, and 54)** are **GRANTED**, and the claims against each moving Defendant (and Defendant Jordan Gardner, pursuant to Docket # 52) are **DISMISSED**. Dr. Hamalian's Motion to Quash **(# 87)** is **GRANTED** and the claims against Dr. Hamalian are

**DISMISSED**.  There being no remaining claims against any Defendant, the Clerk of the Court shall close this case.

Dated this 18th day of June, 2019.

**BY THE COURT:**

_____

Marcia S. Krieger
Senior United States District Judge