IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO
SENIOR JUDGE MARCIA S. KRIEGER

Civil Action No. 18-cv-01952-MSK-NYW

ANDREW W. JURGENSEN,

    Plaintiff,

v.

GAREEN HAMALIAN,
JORDAN GARDNER,
TRANSUNION
EQUIFAX,
EXPERIAN,
PROFESSIONAL FINANCE COMPANY,
AARGON COLLECTION AGENCY,
WAKEFIELD AND ASSOCIATES,
DENVER HEALTH, and
BANNER HEALTH,

    Defendants.

---

## OPINION AND ORDER DENYING MOTION TO VACATE JUDGMENT

---

**THIS MATTER** comes before the Court pursuant to Mr. Jurgensen's Motion To Vacate Final Judgment **(# 93)**, the Defendants' response **(# 96)**, and Mr. Jurgensen's reply **(# 98)**. Also pending are motions by Sheereen Javadizadeh **(# 99)** and Riley Mailman **(# 101)** to withdraw as counsel for Experian.

Extensive discussion of the proceedings to date is not necessary. Mr. Jurgensen pursues this action *pro se*,[1] asserting various claims against various Defendants arising from a dispute

---

[1] The Court has construed Mr. Jurgensen's *pro se* filings liberally. *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972).

1

over an unpaid hospital bill and the consequences that unpaid bill has had on his credit rating. Various Defendants moved to dismiss Mr. Jurgensen's claims against them and this Court referred those motions to the Magistrate Judge for a recommendation. On March 7, 2019, the Magistrate Judge recommended **(# 90)** that all the motions be granted. The Court's records reflect that a copy of the Recommendation was immediately served by mail upon Mr. Jurgensen, sent to his address of record. Pursuant to 28 U.S.C. §636(b), Mr. Jurgensen (and any other party) had 14 days from the service of the Recommendation to file Objections. No party filed any Objections, and on June 18, 2019, this Court adopted **(# 91)** the Recommendation, granted the motions to dismiss, and dismissed all of Mr. Jurgensen's claims. Judgment in favor of the Defendants and against Mr. Jurgensen entered on the following day.

On May 28, 2020, Mr. Jurgensen filed the instant motion **(# 93)**, seeking to vacate the Court's June 18, 2019 Order. That filing, at 376 pages, is lengthy, but the gist of it is simple: Mr. Jurgensen states that his "official copy of [the Magistrate Judge's Recommendation] never arrived in the mail." Mr. Jurgensen states that he learned of the issuance of that Recommendation from a "third-party source" (apparently pacermonitor.com) on or about April 24, 2019, and that he contacted the Clerk of the Court to request that another copy be sent to him. According to a self-prepared transcription of that call provided by Mr. Jurgensen, the Clerk of the Court explained that litigants are provided with a free copy of any Order issued by the Court, but that Mr. Jurgensen would be required to pay for any further copies or, alternatively, he could come to the courthouse in Denver and review the Order without charge on publicly-available PACER terminals. The remainder of Mr. Jurgensen's motion argues, among other things, that this Court erred in finding no clear error in the Magistrate Judge's Recommendation.

Because Mr. Jurgensen's motion was filed more than 28 days after entry of judgment, that motion necessarily is one under Fed. R. Civ. P. 60(b). Rule 60(b)(1) allows the Court to grant relief from a final order or judgment due to "mistake, inadvertence, surprise, or excusable neglect," and Rule 60(b)(6) allows the Court to grant such relief on "any other reason that justifies [it]." However, motions pursuant to Rule 60(b) must be made "within a reasonable time." Fed. R. Civ. P. 60(c). In determining what constitutes a "reasonable time" for making such a motion, the Court considers: (i) the interests in finality of litigation; (ii) the reason for the delay; (iii) the practical ability of the litigant to learn earlier of the grounds relied upon; and (iv) prejudice to other parties, among other factors. *Saggiani v. Strong*, 718 Fed.Appx. 706, 710 (10th Cir. 2018).

Mr. Jurgensen's motion fails for several reasons. First, it was not brought within a "reasonable time" from the entry of judgment against him on June 19, 2019. Mr. Jurgensen did not file his motion until May 28, 2020, roughly 11 months after the entry of the judgment he seeks to set aside. Mr. Jurgensen offers no explanation whatsoever of any circumstances that transpired in those 11 months that prevented him from bringing this motion earlier. Mr. Jurgensen does not deny that he promptly received a copy of the Court's June 18, 2019 Order (or the June 19, 2019 Judgment). Thus, he was on notice by shortly after those dates that: (i) a Recommendation had been issued; (ii) this Court had relied upon the absence of Objections to that Recommendation to grant the motions to dismiss; and (iii) that his claims had been dismissed. And by Mr. Jurgensen's own admission, he was already aware by that date of the fact that he had not received a copy of the Recommendation, as he had called the Clerk of the Court

two months earlier to complain of that fact.[2]  Thus, as soon as he received a copy of the Court's June 18, 2019 Order, Mr. Jurgensen had all of the information necessary to file the instant motion, asking the judgment to be set aside because he had not received the Recommendation.  Because Mr. Jurgensen has offered no reason for that 11-month delay in filing the motion, this Court need not dwell extensively upon the remaining factors of the "reasonable time" analysis, namely the need for finality and the prejudice to the Defendants from reopening this matter.  It is sufficient for the Court to observe that the interests of finality weigh in favor of denying Mr. Jurgensen's motion, and that the Defendants will suffer some (albeit largely undefined) prejudice if this case were to be reopened and new briefing on Mr. Jurgensen's substantive arguments were to be allowed.  Accordingly, the Court finds that Mr. Jurgensen's motion was not filed within a "reasonable time" under Rule 60(c) and the motion is therefore denied as untimely.

Moreover, the Court further finds that Mr. Jurgensen has not demonstrated "excusable neglect" or any other basis under Rule 60(b) for seeking to vacate the judgment in this case.  Mr. Jurgensen was aware of the issuance of the Recommendation, and his failure to receive it, by April 24, 2019.  This Court did not enter its Order adopting the Recommendation until June 18, 2019, nearly two full months later.  Mr. Jurgensen had ample opportunity to obtain another copy of the Recommendation (either by paying for one to be mailed to him or by traveling to Denver to view it without cost) and file any Objections he had to its contents, along with a request that those Objections be considered out-of-time due to the delay in his receipt of the original Recommendation.  But Mr. Jurgensen did not do so, nor does he offer any reason why not.

---

[2]  This Court will treat, as true, Mr. Jurgensen's representation that he never received a copy of the Recommendation.  But the Court's analysis here focuses on a different issue: whether Mr. Jurgensen moved promptly upon realizing that the Court had dismissed his claims despite him not having received a copy of the Recommendation.

Instead, he remained silent for two more months until the Court adopted the Recommendation and entered judgment against him, and then waited an additional 11 months to file the instant motion.  "Excusable neglect" under Rule 60(b)(1) embodies actions that were not completed due to carelessness, not actions that a party knowingly failed to perform, even though he might not have appreciated the potential legal consequences (*i.e.* dismissal of his claims and entry of judgment against him) that might result from his inaction.  *Saggiani*, 718 Fed.Appx. at 711-12.  Here, Mr. Jurgensen was aware of his ability to obtain a copy of the Recommendation and file Objections before the Court ruled, but for whatever reason, he chose not to do so.  Accordingly, because Mr. Jurgensen has failed to demonstrate that the entry of judgment against him was the result of excusable neglect on his part, his motion fails under Rule 60(b)(1) in any event.[3]

Thus, Mr. Jurgensen's Motion to Vacate Judgment **(# 93)** is **DENIED**.  The Court **GRANTS** the motions to withdraw **(# 99, 101)** and the Clerk of the Court shall terminate Attorneys Javadizadeh and Mailman as counsel in this case.

Dated this 14th day of January, 2021.

**BY THE COURT:**

_____

Marcia S. Krieger
Senior United States District Judge

---

[3] Because Mr. Jurgensen's motion fails on its face, the Court need not reach his arguments that there were clear errors embedded within the Magistrate Judge's Recommendation. Nevertheless, the Court has reviewed those arguments and finds them to be without merit.

5